Mr. Redin, contra, cited 1 Chit. Pl. 492; Hyatt v. Wood, 4 Johns. 150; 2 Phil. Ev. 137; Bull. N. P. 90.

THE COURT permitted the condemnation and deed to be given in evidence.

The plaintiff [Matthew Reynolds] then showed his possession, and that the defendant, by his servants, entered the house and threw out the plaintiff's goods.

Mr. Ashton, for plaintiff, contended that this was all he was bound to prove, and the general issue only denies what the plaintiff has alleged in his declaration. If the defendant relies upon any thing else than the facts alleged by the plaintiff, it must be specially pleaded.

THE COURT (nem. con.) said, that any matter which tended to show that it was not the plaintiff's close, may be given in evidence under the general issue. The plaintiff's possession is evidence of his title against all the world but him who has a better title; and if the defendant shows a better title in himself, he shows that he did not break the plaintiff's close. The defendant, therefore, may show title in Mrs. Mayfield, or the canal company, under whose authority the defendant claimed to enter.

Verdict for plaintiff, $50.

---

REYNOLDS (BANK OF WASHINGTON v.). See Case No. 954.

---

## Case No. 11,728.

REYNOLDS v. CALVERT.

[3 Cranch, C. C. 211.] [1]

Circuit Court, District of Columbia. Dec. Term, 1827.

LIMITATION OF ACTIONS — TAKING CASE OUT OF STATUTE—WHAT SUFFICIENT.

After the cause of action was barred by the act of limitations, the defendant said he received the things, but paid for them by a check on the Bank of Washington, and referred the witness to the teller of the bank. *Held*, not sufficient to take the case out of the statute.

Assumpsit for goods sold and delivered. The defendant pleaded the statute of limitations. At the trial of the issue joined on that plea, the plaintiff [Reynolds, administrator of Huntt] offered evidence that the defendant said that he received the goods, but paid for them by a check on the Bank of Washington, and referred the witness to the teller of that bank.

Mr. Wallach, for defendant, prayed the court to instruct the jury, that the said evidence was not sufficient to take the case out of the statute; and cited Clementson v. Williams, 8 Cranch [12 U. S.] 72; Fries v. Boisselet, 9 Serg. & R. 128; Starkie, Ev. pt. 4, p. 895.

Mr. Scott, contra. When a defendant says

he has paid in a certain way, and fails to prove the payment in that way, it is sufficient to take the case out of the statute. The statute is founded upon presumption. Starkie, Ev. pt. 4, p. 896; Greenl. Ev. 152; Toomer v. Long, 2 Hayw. (N. C.) 18.

Mr. Wallach, in reply. The burden of proof is not on the defendant to show payment. Beale v. Nind, 4 Barn. & Ald. 568; Hellings v. Shaw, 7 Taunt. 608, 612; Dean v. Pitts, 10 Johns. 35.

Mr. Scott also cited Davis v. Verdier, 1 McCord, 320; and White v. Potter, 1 Coxe [1 N. J. Law] 159.

THE COURT gave the instruction (nem. con.).

The jury found a verdict for the plaintiff.

THE COURT granted a new trial, instanter.

---

## Case No. 11,729.

REYNOLDS v. CORDERY.

[4 McLean, 159.] [1]

Circuit Court, D. Ohio. July Term, 1846.

EJECTMENT— OCCUPYING CLAIMANT LAW — VALUE OF IMPROVEMENTS — TITLE.

An individual acting under an informal power, sells lands in his own name, having no claim to the same. His contract will not enable the purchaser to claim compensation for his improvements under the occupying claimant law. He cannot be said to claim the title, or hold the same, "from and under any person who can show a plain and connected title in law or equity," etc.

At law.

Mr. Stanbery, for plaintiff.

Mr. Goddard, for defendant.

OPINION OF THE COURT. A verdict was found for the lessor of the plaintiff; and judgment being entered upon it, an application was made in behalf of the defendant, for the benefit of the occupying claimant law. The title under which the defendant entered, originated as follows: A letter of John Reynolds, dated 12th of May, 1843, to James Patrick, Esq., of New Philadelphia, Ohio, introducing his son, Lieut. William Reynolds, of the navy, "who visits Ohio for the purpose of viewing the land of his mother, Lydia Morse Reynolds; and, should he think proper to enter into any engagements for the sale of said lands, or any part of them, such engagements will be satisfied and carried into effect by his mother and myself." The said William Reynolds entered into a contract for the sale of two tracts of land, of one hundred acres each; and he agreed with Nathan Cordery that he would cause a deed to be made. One hundred dollars of the consideration money were paid; the deed was to be executed shortly after the payment. No further payments were made, nor was the deed executed. But Reynolds and wife conveyed the land to an-

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. John McLean, Circuit Justice.]